UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT ORTEGA,

                                  Plaintiff,

                v.

JEAN-MARC MERINE, PAUL M. SERES, PHILIPPE HOERLE, WHITE OAK SPIRITS, LLC.,

                                Defendants.

**CASE NO.**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff, ROBERT ORTEGA ("Mr. Ortega" or "Plaintiff"), for its complaint against Defendants JEAN-MARC MERINE ("Mr. Merine"), PAUL M. SERES ("Mr. Seres"), PHILIPPE HOERLE a/k/a PHILIPPE HOERLE-GUGGENHEIM ("Mr. Hoerle"), and WHITE OAK SPIRITS, LLC. (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement, breach of contract and unjust enrichment.

2. Plaintiff seeks injunctive relief in addition to appropriate damages from the Court pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), and other common and statutory law as set forth.

## THE PARTIES

3. Mr. Ortega is a visual artist and graphic designer and resident of the State of New York.

4. Upon information and belief, individual Defendants are New York City residents and Defendant company is a Florida limited liability company.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1332(a), and 1338(a). This Court also has jurisdiction pursuant to the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b), 1391(c), and 1400(a) because, Defendants do business, may be found, and are subject to personal jurisdiction in New York.

## BACKGROUND

7. Plaintiff Robert Ortega is a practiced and talented visual artist and graphic designer whose experience includes creative services for the wine and spirits industry.

8. Defendant Paul Seres, who is a former colleague and friend of Mr. Ortega, and Defendant Jean-Marc Merine, contacted and met with Mr. Ortega, on or about November 2011, seeking branding guidance and designs for a prospective luxury spirits company. Specifically, Mr. Ortega was asked, among other things, to create professional quality graphics and bottle designs suitable for a premium vodka brand.

9. Upon information and belief, Mr. Merine provided versions of a sketch of a white oak tree with text for Mr. Ortega's consideration when creating his own designs.

10. There was no indication that Mr. Merine and Mr. Seres were acting on behalf of a limited liability company at the time, and Mr. Ortega understood that he was dealing with Defendants Merine and Seres in their individual capacities.

11. Mr. Ortega, promptly created several design versions which he shared and discussed with Mr. Seres and Mr. Merine.  Additionally, Mr. Ortega provided branding and marketing advise relevant to the spirits industry, including but not limited to, considerations of regulatory

label requirements of distilled spirits, the effects bottle shapes and designs have on consumers, and discussed possible competitors in the relevant markets.

## REGISTERED ARTWORK

12. For the version most relevant to this Complaint, Mr. Ortega transformed the above mentioned sketch by, including but not limited to, (1) redrawing the sketch to reduce excessive detailing so the image would appear and print clearer, (2) reducing the polychromatic sketch to a grayscale image in order to achieve a modern and elegant feel which also would look more consistent under various color lighting, (3) simplifying and extending the shadow reflection under the tree image, (4) changing the Serif typeface to a Sans-Serif typeface, (5) eliminating the emboss shadow of the typeface, and (6) scaling and placing the typeface in proportion to the image.

13. In general, Mr. Ortega made the aforementioned changes to the sketch for aesthetic reasons, seeking an elegant design which would look good when applied to a three dimensional glass bottle, considering the volume and translucency of glass.  Additionally, (1) Mr. Ortega selected a tall bottle with rounded shoulders and a thin neck which would embody the modern luxury character of the desired brand, and experimented with frosted and clear glass versions. Finally, (2) Mr. Ortega scaled and proportioned the aforementioned image with text and applied it to an image of a bottle ("Works") (*see* Exhibit A).

14. Mr. Ortega's contribution to the Works are original works of authorship and are copyrightable subject matter under the laws of the United States.

15. The copyright for the Works was registered in Mr. Ortega's name at the United States Copyright Office under Registration No. VA 1-951-449 with an effective date of March 03, 2015.

16. Mr. Ortega subsequently filed a supplementary registration to amplify Registration No. VA 1-951-449 to exclude the sketch mentioned above in paragraph 9, making clear that Mr. Ortega is asserting rights only to the original elements in the registered Works.

17. Mr. Ortega is the proprietor of rights, title and interest in the copyrights of Works (as described in paragraph 12 above).

18. Mr. Ortega has produced the subject Works in conformity of the provisions of the Copyright Act of 1976, and all laws governing copyrights.

## DEFENDANTS' INFRINGEMENT

19. Mr. Ortega submitted Works to Mr. Merine and Mr. Seres for their review via email on December 2, 2011 and receipt was acknowledged.  On or about December 19, 2011, Mr. Merine and Mr. Seres state their approval of Mr. Ortega's Works and their wishes to move forward, requesting Mr. Ortega additional versions of the Works.

20. Mr. Ortega then provided Mr. Merine and Mr. Seres a detailed Estimate for his services. However, on January 5, 2012, Mr. Seres instructs Mr. Ortega to "hold off" with the additional vector work which was previously requested.  Communications soon stop.  No payments were ever received and no license nor permission for the use of the Works was ever granted by Mr. Ortega.

21. Mr. Ortega remained under the impression that Mr. Merine and Mr. Seres had simply not pursued their new vodka venture, and Mr. Ortega had no reason to distrust Defendants because of his friendship with Mr. Seres.  Until, on or about February 2015, Mr. Ortega discovers that his Works were being used by Defendants.

22. Upon information and belief, knowingly and without the permission, license or consent of Mr. Ortega, Defendants promoted, advertised, sold and distributed products baring artwork

that is copied from and is substantially similar to the above described copyrighted Works, including but not limited to, as follows:

(a) White Oak Premium Vodka trademark registration (Serial No. 85928331, filed May 10, 2013), and bottle embodying artwork that is substantially similar to Works (*See* Exhibit B).

(b) Water Oak Ultra Premium Vodka trademark registration (Serial No. 86574809, filed March 3, 2015), and bottle embodying artwork that is substantially similar to Works (*See* Exhibit B).

(c) Promotional merchandising products, including but not limited to, pillows, coasters and cards embodying artwork that is substantially similar to Works. (*See* Exhibit B)

(d) Works being publicly displayed and or distributed by and through web sites operated by Defendants, including but not limited to, www.wateroakvodka.com, www.whiteoakvodka.com, https://instagram.com/wateroakvodka/, and www.pikore.com/tag/whiteoakvodka. (*See* Exhibit B)

(e) Promotional events featuring Works at various restaurants and bars in Miami, FL and Los Angeles, CA, including but not limited to, Coco Laurent, Madera Kitchen, and Cocktails and Curator's (*See* Exhibit B)

23.  Upon information and belief, the Defendants have knowingly and willfully copied and distributed Mr. Ortega's Works in their entirety and on that basis allege that the Defendants copied the Works for the specific purpose of infringing Mr. Ortega's copyrights and selling illegal and unauthorized copies of the Works.

24.  Mr. Ortega has lost and will continue to lose substantial revenues and has also sustained damage as a result of Defendants' wrongful conduct.

25. Mr. Ortega is informed and believes, and that on that basis alleges, that unless enjoined by this Court, Defendants will continue their course of conduct to wrongfully use, infringe upon, sell, and otherwise profit from Mr. Ortega's copyrighted Works.

26. Mr. Ortega, as a direct and proximate result of the acts of the Defendants alleged above, has already suffered irreparable damages and has sustained loss profits. Mr. Ortega has no adequate remedy at law to address all of the injuries that Defendants have caused and intends to cause by their conduct.

27. Mr. Ortega will continue to suffer irreparable damage and sustain loss profits until Defendants' actions as alleged above are enjoined by the Court.

## COUNT 1
## COPYRIGHT INFRINGEMENT

28. Mr. Ortega hereby incorporates paragraphs 1 through 27 of this Complaint as if fully set forth herein.

30. The Works, as described in paragraph 12 above, are original copyrightable work. Mr. Ortega has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the Works and has filed its copyright registration in the work with the Copyright Office in accordance with its rules and regulations.

31. Mr. Ortega owns relevant rights, title, and interest in the copyright of Works.

32. Upon information and belief, Defendants have infringed and are infringing the copyrights of Plaintiff by unlawfully reproducing and distributing substantially similar copies of Works, in violation of the United States Copyright Act, 17 U.S.C. § 106 et seq.

33. Upon information and belief, Defendants' infringements were and are willful, in bad faith and in conscious disregard for Mr. Ortega's exclusive rights in the protected work.

34. Upon information and belief, Defendants' deliberate infringement of Mr. Ortega's copyrights has greatly and irreparably damaged Plaintiff, and Defendants will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

35. Mr. Ortega is further entitled to recover from Defendant the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of Defendants' acts of infringement alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Mr. Ortega.

36. Mr. Ortega respectfully requests such other and further relief as the Court may deem just and proper.

## COUNT 2
## BREACH OF CONTRACT

37. Mr. Ortega hereby incorporates paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendants Merine and Seres entered into an agreement with Mr. Ortega under which Plaintiff was to create artwork and provide branding and marketing consulting services to Defendants Merine and Seres.

39. Mr. Ortega created and delivered the requested artwork and provided the requested consulting services to Defendants Merine and Seres.

40. Defendants Merine and Seres received, accepted and are using Mr. Ortega's artwork and consulting services but have refused to remunerate Mr. Ortega.

41. By reason of the foregoing, Defendants have breached their agreement with Mr. Ortega and have caused damages to Plaintiff of no less than $200,000.00, and prejudgment interest pursuant to C.P.L.R. § 5001.

### COUNT 3
### UNJUST ENRICHMENT

42. Mr. Ortega incorporates paragraphs 1 through 41 by reference.

43. Defendants are enriched by using Mr. Ortega's professional branding and marketing consulting services and artwork.

44. Such enrichment is at the expense of Mr. Ortega.

45. The circumstances are such that equity and good conscience require the defendants to make restitution in an amount to be proven at trial.

WHEREFORE, Plaintiff requests the following:

a. Monetary damages in an amount to be determined at trial but no less than $200,000;

b. Punitive damages;

c. Costs and disbursements of the action;

d. Pre- and post- judgment interest;

e. Reasonable attorneys' fees; and

f. Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

46. Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated: April 6, 2016                                Respectfully submitted,

/Vivian Rivera Drohan/

Vivian Riviera-Drohan
Roberto Portillo Togno
vdrohan@dlkny.com
rportillot@dlkny.com
Drohan Lee LLP
575 Madison Avenue
New York, NY 10022
Telephone: (212) 710-0000
Telephone: (212) 710-0004

## VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK )

Robert Ortega, being duly sworn, deposes and says:

I am the Plaintiff in this matter. That the foregoing Verified Complaint is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief and that as to those matters he believes it to be true.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       April _6_, 2016

_____
ROBERT ORTEGA

Sworn to me this _6_ day of
April, 2016

_____
Notary

NICHOLAS ANTHONY GILRONAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GI6284607
Qualified in Queens County
My Commission Expires June 17, 2017